PER CURIAM.
The appellants, South Pointe Development Company [South Pointe], American Community Development Group; Inc. [ACDG], and John A. Hinson, appeal the trial court’s non-final order granting Capital Bank’s motion for summary judgment as to liability. We affirm.
Capital Bank loaned South Pointe Development Company, Inc. $10,000,000.00 which was secured by a mortgage on undeveloped real property. The interest rate on the loan is prime plus two percent (2%).
Prior to lending the funds, Capital Bank and South Pointe executed a commitment letter which contained several conditions. *940 First, Capital Bank had to obtain several participants to join with it in making the loan. Capital Bank obtained the following participants: South Florida Electrical Workers Pension Plan and Trust, South Florida Carpenter’s Pension Plan and Trust, and Plumbers Local Union No. 519 Pension Trust Fund [collectively referred to as participants]. Second, South Pointe had to execute and record a restrictive covenant which provides that all improvements made on the mortgaged property must be made by members of appropriate building and trade unions.[1] Third, South Pointe was required to pay American Financial Services for the services it rendered in helping to secure participants for the loan. Finally, South Pointe was required to pay all legal fees incurred by Capital Bank and the participants.
South Pointe contends that the loan was also contingent upon it executing a Financial Advisory Service Agreement with Capital Bank. Capital Bank, however, contends that this agreement was not entered into until more than a year after the loan was funded, and that this was not a condition of the loan.
On November 1, 1988, South Pointe defaulted on its loan obligation. Thereafter, Capital Bank accelerated the loan and filed this action. Count I of the complaint sought to recover the balance due; Count II sought foreclosure of the mortgage and it alleged the existence of several subordinate mortgages; Counts III, IV, V, and VI sought to recover from John A. Hinson, G. Dale Murray, 44-43 Corp. and ACDG as guarantors of the promissory note.
Several answers, affirmative defenses, amended answers and amended affirmative defenses were eventually filed. Basically, the amended answers and affirmative defenses averred that all of the conditions to funding the loan were designed by Capital Bank as a disguise, charade, device and subterfuge to evade the usury laws of Florida, and that Capital Bank was without equity and unclean hands by virtue of its criminal usury and that its’ actions constituted an unlawful extension of credit in express violation of the anti-tying provision of the Bank Holding Company Act, 12 U.S.C. § 1972 (1988).
On December 28, 1989, the trial court conducted a hearing on Capital Bank’s motion for summary judgment. On January 22, 1990, the trial court granted Capital Bank’s motion for summary judgment.
The appellants argue that the interest on the instant loan exceeds the lawful rate of 25% per annum simple interest as contemplated by Chapter 687, Florida Statutes (1989), and that therefore, the loan is usurious. We, however, find that the 25% interest rate cap is not applicable to the instant loan under state law.
Section 665.077, Florida Statutes (1989), which is entitled “Collection of fines, interest, or premiums on loans made by associations,” provides in pertinent part:
No fines, interest, or premiums paid on the following loans made by any association shall be deemed usurious, and the same may be collected as debts of like amount are now collected by law in this state and according to the terms and stipulations of the agreement between the association and the borrower:
(1) Loans secured by a first lien on real estate.
§ 665.077, Fla.Stat. (1989). The appellants argue that Section 665.077 is not applicable to the subject loan because Capital Bank is not an “association” as defined by Section 665.012(1), Florida Statutes (1989).[2] Even though Capital Bank is not an “association,” Section 665.077 is nonetheless applicable to Capital Bank pursuant to Section 687.12, Florida Statutes (1989). Section 687.12, which is entitled “Interest rates; *941 parity among licensed lenders or creditors,” provides in pertinent part as follows:
(1) Any lender or creditor licensed or chartered under the provisions of ... chapter 658 ... shall be authorized to charge interest on loans or extensions of credit to any person as defined in s. 1.01(3), or to any firm or corporation, at the maximum rate of interest permitted by law to be charged on similar loans or extensions of credit made by any lender or creditor in the State of Florida, except that the statutes governing the maximum permissible interest rate on any loan or extension of credit, and other statutory restrictions relating thereto, shall also govern the amount, term, permissible charges, rebate requirements, and restrictions for a similar loan or extension of credit made by any lender or creditor.
(2) This section shall be construed to permit any lender or creditor which is otherwise authorized to make a particular loan or extension of credit to charge interest at a rate permitted to be charged by other lenders or creditors on similar loans or extensions of credit, but shall not be construed to grant any lender or creditor the power or authority to make any particular type of loan or extension of credit which it is not otherwise authorized to make....
[[Image here]]
(4) In making loans or extensions of credit at a rate of interest that, but for this section, would not be authorized, lenders or creditors shall indicate on the promissory note or other instrument evidencing the loan or extension of credit the specific chapter of the Florida Statutes authorizing the interest rate charged.
§ 687.12, Fla.Stat. (1989).
Capital Bank is a Florida banking corporation which is chartered under the provisions of Chapter 658 of the Florida Statutes. Accordingly, Capital Bank is “authorized to charge interest on loans ... at the maximum rate of interest permitted by law to be charged on similar loans ... made by any lender or creditor in the State of Florida. ...” § 687.12, Fla.Stat. (1989). In order for a lender to take advantage of another class of lenders' permitted interest rate, the lender must also comply with all the requirements imposed on such a lender for the type of loan it is making. § 687.12(1), Fla.Stat. (1989). Finally, the lender must also “indicate on the promissory note or other instrument evidencing the loan or extension of credit the specific chapter of the Florida Statutes authorizing the interest rate charged.” § 687.12(4), Fla.Stat. (1989). In the instant case, evidence of compliance with these two requirements was before the court at the time it considered Capital Bank’s motion for summary judgment. As a result, the interest cap exemption contained in Section 665.077, Florida Statute (1989), is applicable to the subject loan.
Since our resolution of this issue is dis-positive, we do not need to reach the appellants’ remaining points on appeal.
AFFIRMED.

. The answer alleged that the execution of the restrictive covenant constituted a cost detriment to South Pointe because the fair market value of the land was decreased as a result of having to use union workers which are more costly than nonunion workers.

. Section 665.012(1) provides as follows: (1) "Association” means a mutual or capital stock savings association, savings and loan association, building and loan association, or savings bank subject to the provisions of this chapter.